HARRY KAFAFIAN, trading as SPOTLESS CLEANERS AND DYERS, complainant-respondent,

*v.*

SPOTLESS STORES OF NEW JERSEY, INC., a corporation, defendant-appellant.

[Argued October 29th, 1947.   Decided January 29th, 1948.]

On appeal from a decree of the Court of Chancery, wherein Vice-Chancellor Grimshaw filed the following opinion:

"This is a bill to restrain unfair competition.   The complainant, Harry Kafafian, has been and still is engaged in the business of cleaning and dyeing in the Village of Ridgewood. He opened his store in 1926 under the name of 'Spotless Cleaners & Dyers' which name he registered in the Bergen County clerk's office.   He has conducted his business under that name, in the Village of Ridgewood, ever since within

a block of the store in which he first started business. He does the usual cleaning, dyeing and pressing of men's suits and overcoats, women's suits and dresses, curtains and so forth. Over the front of his store he maintains a large sign with the single word 'Spotless' on it in block letters. His telephone listing is in the name of Spotless Cleaners and Dyers and he has, from time to time through circulars, advertising and by means of his truck, publicized his business under the name of Spotless Cleaners & Dyers. The business is partly cash and partly credit. When the merchandise is finished he delivers it to his customers who come from Ridgewood and the neighboring communities.

"The defendant corporation has a substantial chain of stores doing a business not only of cleaning and dyeing but also fur storage, shoe repairing, hat cleaning and laundry work. It is a cash and carry business; there is no credit extended and merchandise is not delivered to its customers.

"Starting with one store in the City of New York in 1923 under the name of Spotless Dollar Cleaners it expanded rapidly and in 1925 had 13 stores between 141st and Canal Streets in the City of New York. The actual cleaning and dyeing was done in bulk by a contractor. In 1932 defendant decided to erect a plant and do its own processing. Accordingly a plant was opened in Edgewater, New Jersey. This location was selected because of its convenience with respect to defendant's stores in Manhattan and the Bronx and also because it could serve a New Jersey chain of stores if one was started. A store was opened in Edgewater, at the plant.

"In 1935 defendant dropped the word 'Dollar' from its name and adopted the name which it now has, 'Spotless Stores, Inc.' A New Jersey corporation with that name was formed at that time.

"In 1938 defendant purchased a plant in Paterson and discontinued the operation of its plant and store in Edgewater. A store was opened at the plant in Paterson. At this time defendant added fur storage, shoe repairing, hat cleaning and laundry to its activities. The store in Paterson connected with the factory was the only one in New Jersey and there were 80 stores in New York.

"In 1946 defendant began a rapid expansion in New Jersey. Stores were opened in Palisade Junction, Palisade Park, Englewood, Teaneck, Bogota, Rutherford, Fairlawn and Totowa. All except the last were in Bergen County and the Totowa store is in Passaic County. In 1947 stores were opened in Hackensack, Tenafly and Ridgewood.

"The Ridgewood store was opened about January 2d, 1947. It is located about five blocks from the store of the complainant. Like complainant's store it has a large sign over the front bearing the word 'Spotless' in block letters. Unlike the store of complainant, defendant's store has signs in the window bearing the price charged for its various services. In other respects the stores are almost identical in appearance.

"Defendant argues that by the establishment of its stores in the City of New York and the extensive advertising which has accompanied its expansion defendant's name has acquired a secondary meaning identifying its business and service not only in New York but in New Jersey as well. I am prepared to concede that the claim may have merit so far as it applies to the City of New York but I am unable to agree that the argument is sound so far as northern New Jersey and particularly Ridgewood and its immediate vicinity is concerned. Defendant's business is of the cash and carry variety. The customer takes the article to the store for cleaning and later calls for it. The transaction involves two trips. The difference in the price charged by the complainant and that charged by the defendant is in most instances less than one dollar. It is impossible for me to believe that any appreciable number of persons would make two trips from Ridgewood to New York or even to Paterson to save the small amount involved when they could telephone to the local merchant and have the goods called for and delivered. One of defendant's witnesses testified that its records showed a considerable volume of business from New Jersey but no effort was made to substantiate that statement.

"Much was made of the fact that defendant opened a factory in Paterson in 1938 and also opened a 'plant store' in connection therewith. It is argued that business in this vicinity had grown to such an extent that this action was

required. Defendant's own witness testified, however, that the Paterson plant was opened to take care of the expansion of its business which defendant contemplated making in New Jersey and New England. As a matter of fact, though the plant was established in Paterson in 1938 the expansion did not start until 1946 and did not reach Ridgewood and its vicinity until 1947.

"I am satisfied that until the Ridgewood store was opened in 1947 defendant was not in competition with the complainant. At that time the complainant had been using the name Spotless Cleaners and Dyers for 21 years. He had built up a substantial business in Ridgewood and its vicinity. His store carried the name Spotless in large block letters across its front. His truck carried the name, as did his telephone listing. He had from time to time circularized Ridgewood and its neighboring communities. The name Spotless when used in connection with cleaning and dyeing had come to be associated with the business of complainant. On the front of the store opened by the defendant in 1947 there was placed a sign bearing the word 'Spotless' almost identical with that on the store of the complainant, though the testimony is that on its other stores the signs bearing the word 'Spotless' were in script. Defendant sought cleaning and dyeing business under the name of 'Spotless' and 'Spotless Stores.' Confusion was bound to result and there is some testimony that the public had been misled into believing that the store of the defendant was that of the complainant.

"I am of the opinion that the complainant is entitled to relief. The mere fact that the business of the defendant is of. the chain store variety capable of considerable expansion and a large investment of capital does not except it from submission to the settled rules governing unfair competition. The defendant has invaded the field so long occupied by the complainant and is engaged in competition with the complainant. In doing so defendant opened a store very similar in appearance to that of the complainant and is using a name so like the one long used by the complainant that the natural and probable tendency of defendant's conduct is to deceive the public and pass off defendant's business as that of the

complainant. That is unfair competition from which equity will protect the complainant. *Cape May Yacht Club* v. *Cape May Yacht and Country Club, 81 N. J. Eq. 454; International Silver Co.* v. *William H. Rogers Corp., 67 N. J. Eq. 646; Hilton* v. *Hilton, 90 N. J. Eq. 564.*

"The restraint will be limited to that phase of defendant's business which is in competition with the business of the complainant within the Village of Ridgewood and the surrounding communities now served by complainant."

*Messrs. Cross, Symanski & Vivers (Mr. Charles W. Symanski),* for the complainant-respondent.

*Messrs. Gross, Blumberg, Mehler & Goldberger (Mr. Max Mehler),* for the defendant-appellant.

PER CURIAM.

The decree under review will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Grimshaw.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 13.

*For reversal*—None.